James E. Roberts
KNIGHT NICASTRO MACKAY, LLC
283 West Front Street, Suite 203
Missoula, Montana 59802
Tel:   (406) 206-5747-7102
Email: roberts@knightnicastro.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| Gary White,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Kaylee Torgerson,<br><br>　　　　　　　Defendant. | Cause No. CV-22-36-GF-BMM-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Gary White, by and through his counsel of record, and alleges as follows:

### PARTIES

1.　Plaintiff Gary White ("Plaintiff" or "Mr. White") is and was at all times relevant to the allegations contained within this Complaint, a resident and citizen of Randall County, Texas.

2.　Upon information and belief, Defendant Kaylee Torgerson ("Defendant Torgerson") is, and was at all times, relevant to the allegations contained within this complaint, a resident and citizen of Hill County, Montana.

1

## JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is an individual domiciled in Texas. Defendant Torgerson is an individual domiciled in Montana. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4. Venue in the District of Montana is proper pursuant to 28 U.S.C. § 1391 because Defendant is located in this District, all of the events or omissions on which the claims asserted herein are based occurred in this District, and the subject collision occurred in this District.

## FACTUAL ALLEGATIONS

5. On or about April 26, 2019, at approximately 4:56 p.m., Mr. White and a passenger, his son Sean, were driving his 1988 Chevrolet pickup northbound on Montana Highway 232 just a few miles north of Havre, Montana.

6. On or about April 26, 2019, Defendant Torgerson was driving westbound on 31st Street North and stopped at the stop sign at the Highway 232 intersection ("subject intersection").

7. The only traffic control device at the subject intersection is a stop sign on 31st Street North. There are no traffic control devices on Highway 232.

8. Due to recent rain, Mr. White was traveling at a speed of 55 miles per hour ("mph"), well under the posted speed limit on Highway 232 of 70 mph.

9. As Mr. White was approaching the intersection of Highway 232 and 31st Street North, he noticed Defendant Torgerson's vehicle, but proceeded at his current speed of 55 mph because he knew drivers on 31st Street North were required to yield to drivers on Highway 232.

10. As Mr. White got closer to the intersection, Defendant Torgerson unexpectantly pulled out into Highway 232 in front of Mr. White. Although Mr. White slammed on his brakes in an attempt to avoid hitting Defendant Torgerson, she pulled out in front of Mr. White when he was so close to the intersection that he could not avoid colliding with her. The front of Mr. White's vehicle collided with the driver's side of Defendant Torgerson's vehicle.

11. As a result of the collision, Mr. White sustained a number of injuries that required immediate and ongoing medical attention.

12. As a result of the collision, Mr. White experienced pain and suffering, loss of course of life and emotional distress damages.

13. As a result of the collision, Mr. White has experienced loss of income damages and a loss of earning capacity.

14. Mont. Code Ann. § 61-8-341 requires a driver entering a through highway to yield the right-of-way to other vehicles that are on the through highway and are close enough to constitute an immediate hazard.

15. On the day of the accident, Defendant Torgerson was cited by the Montana Highway Patrol for her failure to yield to Mr. White.

## COUNT 1 - NEGLIGENCE

16. Plaintiff re-alleges each paragraph above as if fully set forth herein.

17. Defendant Torgerson had a duty to yield the right-of-way to vehicles on "through highways," to prevent property damage or injury to other individuals utilizing Montana's public highway system.

18. Defendant Torgerson breached this duty when she did not yield to Mr. White and entered Highway 232 when Mr. White was close enough to the subject intersection to constitute an immediate hazard to her.

19. Defendant Torgerson's actions or omissions caused the collision with Mr. White to occur, and all damages Mr. White alleges in this matter arise from and are the result of that collision.

20. As a direct and proximate result of Defendant Torgerson's negligence, Mr. White has sustained damages, including but not limited to past and future medical care and treatment, loss of income, loss of earning capacity, pain and suffering, emotional distress damages, and loss of course of life.

## COUNT II – NEGLIGENCE PER SE
*Violation of Montana Code Annotated § 61-8-341*

21. Mr. White re-alleges each paragraph above as if fully set forth herein.

22. Pursuant to Mont. Code Ann. § 61-8-341, Defendant Torgerson is required by law to yield the right-of-way to other vehicles that are on the through highway and are close enough to constitute an immediate hazard.

23. Mont. Code Ann. § 61-8-341 is a safety statute designed to protect drivers, such as Mr. White, on Montana's public highways and roadways.

24. Hwy 232 is a "through highway" at the subject intersection for purposes of Mont. Code Ann § 341(2) because the only traffic control device at that intersection is a stop sign on 31st Street North, giving drivers on Highway 232 the right of way.

25. As evidenced by the collision, Mr. White was close enough to the subject intersection to constitute an immediate hazard to Defendant Torgerson under Mont. Code Ann. § 61-8-341.

26. Defendant Torgerson violated Mont. Code Ann. § 61-8-341 and as a direct result of violating that statute Defendant collided with Mr. White's vehicle.

27. On or about April 26, 2019, Defendant was cited by the Montana Highway Patrol for her failure to yield to Mr. White.

28. Mr. White is a member of the class Mont. Code Ann. § 61-8-341 was intended to protect because he was a driver on Highway 232, a "through highway" for purposes of Mont. Code Ann. § 61-8-341(2).

29. Defendant Torgerson is a member of the class of persons Mont. Code Ann. § 61-8-341 was intended to regulate as she was attempting to enter Highway 232, a "through highway" for purposes of Mont. Code Ann. § 61-8-341(2).

30. As a result of Defendant Torgerson's failure to yield to Mr. White and the ensuing collision, Mr. White has suffered physical, mental, and emotional injuries including but not limited to a fractured sternum, back injuries of his lumbar, thoracic, and cervical spine, neck pain, and nerve damage. These injuries have required ongoing medical treatment including an L4-5 surgical fusion which Mr. White plans to undergo after he retires on October 31, 2022.

31. Mr. White's injuries from the collision are the sort that Mont. Code Ann. § 61-8-341 was enacted to prevent.

32. Defendant Torgerson's violation of Montana laws, including but not limited to Mont. Code Ann. § 61-8-341, constitutes negligence per se.

33. As a direct and proximate result of Defendant Torgerson's violation of Montana State laws, including, but not limited to Mont. Code Ann. § 61-8-341, Mr. White's vehicle collided into Defendant Torgerson's vehicle, causing Mr.

White to suffer serious physical injuries requiring ongoing medical treatment, pain and suffering, and other damages.

34. Mr. White has suffered injuries and damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, having fully set forth Plaintiff's claims against Defendant, Plaintiff seeks Judgment for damages resulting from Defendant's negligence, in an amount to be proven at trial for judgment as follows:

1. All past and future medical expenses;
2. All past and future loss of income or earning capacity;
3. All past and future alteration of normal course of life;
4. All past and future physical and mental pain and suffering;
5. Costs of suit; and
6. Such other and further relief as this Court deems just and proper in this cause.

///

///

///

## **DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff and respectfully requests a jury trial on all issues of fact in the above case.

DATED this 8th day of April, 2022.

                                                KNIGHT NICASTRO MACKAY

                                                By: /s/ James E. Roberts
                                                          James E. Roberts
                                                          *Attorney for Plaintiff*